IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY RAYMOND WALLWAY, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE, MHP OFFICER, <br><br> Defendant. | CV 17-71-M-DLC-JCL <br><br> ORDER |

Plaintiff Randy Wallway, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Wallway's application to proceed in forma pauperis is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Wallway's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court has reviewed Wallway's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9 Cir. 2005). The Court finds that at this stage of the proceedings Wallway's allegations at least state a claim upon which relief could be granted under 42 U.S.C. § 1983. Wallway alleges Defendant John Doe Montana Highway Patrol Officer arrested Wallway and physically assaulted him while he was in handcuffs. Therefore, the Court will order Wallway's complaint be served on Defendant.

Because Wallway is proceeding in forma pauperis, he is entitled to have his complaint and summons served by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Nonetheless, Wallway is obligated to provide the Court with an

appropriate address for service on the Defendant.  *See Pullano v. Clark Co. Detention Ctr.*, 2010 WL 4272871, *2 (D. Nev. 2010).

More importantly though, because Wallway has identified the Defendant as an unknown John Doe, he must first undertake to discover John Doe's actual identity.  Ordinarily, a party may not seek discovery from any source until after the parties confer regarding discovery as required by Fed. R. Civ. P. 26(f).  Fed. R. Civ. P. 26(d)(1).  But situations arise where a plaintiff does not know the identity of a defendant or defendants prior to filing a complaint.  Therefore, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Thus, the courts have discretion, for good cause and in the interests of justice, to allow a party to conduct premature discovery for the limited purpose of ascertaining the identity of an unknown defendant.  *Evans v. Unknown Names of Department of Corrections Officers*, 2007 WL 30597, *2 (N.D. Cal. 2007).

In evaluating whether good cause exists to allow a plaintiff to conduct early discovery to learn the identity of a John Doe defendant, a court should consider whether the plaintiff:  "(1) identifies the defendant with sufficient specificity that

the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process." *Burns v. City of Concord*, 2014 WL 892082, *1 (N.D. Cal. 2014). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Evans*, at *2 (quoting *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Wallway's allegations are sufficient to establish good cause to allow him to conduct early discovery. He states a Montana Highway Patrol officer assaulted him on May 23, 2014, around 6:00 p.m. Thus it is plausible the John Doe defendant is a real person who could be identified by the Montana Highway Patrol's records, and is an individual who could be sued. And the allegations at least state a claim that the officer potentially used excessive force against Wallway in violation of his rights secured by the Fourth Amendment of the United States Constitution. Although Wallway has not provided any information as to any efforts he may have made to identify the officer who allegedly assaulted him, the Court finds that in the interests of justice it is more efficient to permit Wallway to

4

conduct limited discovery through the Montana Highway Patrol with relatively little burden and prejudice potentially imposed against the Montana Highway Patrol. Therefore, the Court will afford Wallway an opportunity to conduct early discovery through the use of a Fed. R. Civ. P. 45 subpoena in an effort to identify the John Doe highway patrol trooper named in his pleading.

Therefore, IT IS HEREBY ORDERED the Clerk of Court is directed to sign, but otherwise leave blank, the attached Subpoena to Produce Documents, Information, or Objects (form AO 88B), and mail the form to Wallway. Wallway must complete the subpoena form which must be directed to a specific office of the Montana Highway Patrol at a specific location in Montana. Wallway shall specify on the form the documents he seeks to obtain which shall be limited to only those regarding the identity of the highway patrol trooper who arrested Wallway on May 23, 2014, at approximately 6:00 p.m.

Because Wallway is proceeding in forma pauperis under 28 U.S.C. § 1915, he is entitled to have "officers of the court [...] issue and serve all process" in this case. 28 U.S.C. § 1915(d). Therefore, IT IS ORDERED that on or before **July 11, 2017**, Wallway shall return the completed subpoena form to the Clerk of Court. Upon receipt of the form the Clerk of Court is directed to deliver the subpoena, together with a copy of this Order, to the United States Marshal, and the Marshal

is directed to serve the completed subpoena. The subpoena must provide a minimum of 45-days notice before the date of production.

If the Montana Highway Patrol responds to the subpoena by providing Wallway with the identity of the trooper who arrested him, then IT IS ORDERED that within 14 days of Wallway's receipt of the identifying information Wallway shall file: (1) an amended complaint identifying the name of the trooper in place of the John Doe defendant presently named, and (2) a notice which provides the Court with an appropriate address for service on the named Defendant. The address must be sufficient for personal service on the Defendant. Fed. R. Civ. P. 4(d)(1)(A)(I) and 4(e).

At all times during the pendency of this action, Wallway shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Wallway is also advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) sua sponte under certain

circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 21st day of June, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge