IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY RAYMOND WALLWAY, | CV 17-71-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| MHP OFFICER SCHNEIDER, | |
| Defendant. | |

Before the Court is Defendant Officer James Schneider's Fed. R. Civ. P. 56 motion for summary judgment requesting the Court dismiss Plaintiff Randy Wallway's amended complaint filed against him. For the reasons discussed, the Court recommends the motion be granted, and this case be dismissed.

**I. Background**

Wallway is appearing pro se in this action. His pleading alleges as follows:

On May 23, 2014, Wallway was at a hospital in Kalispell, Montana, for a blood alcohol test. While at the hospital he complained he had an injured shoulder, but the medical staff performed an x-ray and did not "find anything wrong." (Doc. 11 at 6 of 8.)

Wallway states that when he left the hospital Defendant Montana Highway Patrol Officer James Schneider arrested him in the hospital's parking lot and

1

placed Wallway in handcuffs. Wallway states he informed Schneider that his shoulder was injured, but Schneider allegedly grabbed Wallway from behind, threatened Wallway that he would "fix" his shoulder, and hit his shoulder "really hard and drove [Wallway] to [his] knees." (Doc. 11 at 6 of 8.) Wallway alleges Schneider slammed his shoulder so hard that it caused further and extensive physical injury to his shoulder. Therefore, Wallway alleges Schneider is liable for the excessive use of force during the course of his arrest.

Schneider moves for summary judgment arguing the undisputed facts demonstrate he did not use excessive force to affect Wallway's arrest. Alternatively, Schneider argues he is entitled to qualified immunity from liability on Wallway's claim. Wallway has not filed either a brief in response to the motion as required by L.R. 7.1(d)(1)(B), or a statement of disputed facts as required by L.R. 56.1(b).

## II. Applicable Law – Summary Judgment Standards

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer*

*Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

As noted, Wallway did not file a brief in opposition to Schneider's motion, and the deadline for doing so has passed. Nonetheless, the Ninth Circuit has made clear that a district court may not grant "summary judgment simply because a party fails to file an opposition or violates a local rule," and the court must "analyze the record to determine whether any disputed material fact [is] present." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). *See also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (explaining that "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

Finally, because Wallway is proceeding pro se the Court must construe his documents liberally and give them "the benefit of any doubt" with respect to Schneider's summary judgment motion. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus* 551 U.S. 89, 94 (2007).

### III. Discussion

Wallway's claim alleges Schneider violated his right against an unreasonable seizure protected by the Fourth Amendment to the United States Constitution. Therefore, the claim is cognizable under 42 U.S.C. § 1983. Section 1983 permits claims under federal law against a local governmental entity, or a

state official or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Wallway's right under the Fourth Amendment is the right to be free from unreasonable seizures by state officers. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). The Fourth Amendment prohibits an officer from exceeding "the bounds of reasonable force in effecting 'an arrest, investigatory stop, or other seizure.'" *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115-16 (9th Cir. 2017) (quoting *Graham*, 490 U.S. at 395-96).

The federal courts must analyze excessive force claims "according to the constitutional touchstone of objective reasonableness," and may not take into account an "officer's subjective 'intent or motivation.'" *Shafer*, 868 F.3d at 1116 (quoting *Graham*, 490 U.S. at 397). Thus, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them[.]" *Id*.

The determination of objective reasonableness requires the courts "to balance the 'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Shafer*, 868 F.3d at 1116 (quoting *Graham*, at 396). The courts have identified a

non-exclusive list of three factors to consider when balancing the referenced competing interests: "(1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" *Id*.

Finally, a court must judge the reasonableness of the force used "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight[.]"*Shafer*, 868 F.3d at 1116 (quoting *Graham*, at 396). The officer's perspective is necessary because officers "are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, at 397.

Schneider filed his affidavit testimony in support of his summary judgment motion. In that affidavit he states that on the date in question he was involved in investigating Wallway on suspicion that he had been driving under the influence of alcohol. The investigation was initiated based upon a report of a hit-and-run involving the vehicle Wallway was driving. Upon locating Wallway in his vehicle Schneider observed various matters about his behavior and appearance indicating Wallway was impaired. Therefore, another Montana Highway Patrol Officer took Wallway to the hospital for a blood alcohol test.

5

While Wallway was at the hospital for the blood test and medical treatment, Schneider states Wallway left the hospital prematurely, before he had been discharged. Schneider was still outside the hospital when Wallway left. At that point, Schneider made the decision to arrest Wallway.

Schneider's affidavit testimony describes an uneventful arrest. He affirmatively states no physical altercation occurred between he and Wallway, he did not hit Wallway, and he did not drive him to his knees on the ground. Instead, he placed handcuffs on Wallway and put him in his patrol car. (Doc. 25-2 at 4 of 15.)

Schneider also submitted a copy of the video of Wallway's arrest taken from the camera on the dash of his patrol car. (Doc. 22.) The video shows Wallway walk away from a building and cross the street. Schneider approached Wallway in his patrol car, stopped him while walking on the sidewalk, and engaged him in a discussion about why Wallway was leaving the hospital.

The video reflects that Schneider then informed Wallway he was under arrest. Schneider directed Wallway to position his hands in front of his body so Schneider could apply handcuffs to Wallway's wrists. Schneider informed Wallway he was cuffing him that way because Schneider knew Wallway had complained about an injury to his shoulder. Wallway complied with Schneider's instructions and held his hands in front of his body. Schneider placed his left hand

on Wallway's right forearm, and Wallway stood in place while Schneider put the handcuffs on Wallway's right wrist, and then on his left wrist. Wallway did not resist Schneider's conduct in placing him in handcuffs. Schneider then placed his left hand on Wallway's back and they walked to Schneider's patrol car and Wallway got in the patrol car.

Contrary to Wallway's allegations in his pleading, review of the video reflects Schneider did not engage in the conduct as Wallway alleges. Schneider did not hit Wallway, did not grab him from behind, did not threaten Wallway, did not drive him to the ground on his knees, and did not "slam" Wallway's shoulder. The video indisputably establishes that Schneider did not use any force upon Wallway other than to apply the handcuffs to Wallway's wrists and to walk him to the patrol car. Where a party's version of the events "is so utterly discredited by the record that no reasonable jury could have believed" that party, then the court should view "the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

Based on the video and the undisputed facts in the record of this case, the Court finds no reasonable jury could conclude that Schneider used excessive force during his arrest of Wallway. Instead, the video establishes as a matter of undisputed fact that Schneider's actions were objectively reasonable. The nature and quality of Schneider's intrusion upon Wallway was, in substance, not intrusive

considering the offense for which Wallway was being arrested – driving under the influence of alcohol. Although Wallway did not pose an immediate threat to any person and he did not resist or evade arrest, those circumstances are consistent with, explain, and justify Schneider's decision not to apply any force upon Wallway. Consequently, the Court concludes Schneider's conduct was objectively reasonable, and he did not violate Wallway's rights under the Fourth Amendment to the United States Constitution.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Schneider's motion for summary judgment be GRANTED, and this action be DISMISSED.

DATED this 1st day of November, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge